Shao v. Garland

BIA
Lamb, IJ
A073 658 075

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> WILLIAM J. NARDINI,
>     *Circuit Judges*,
> JOHN L. SINATRA, JR.,*
>     *District Judge.*

_____

WEILING SHAO,

> *Petitioner*,

> v.                                     19-872

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:                Alexander Kwok-Ho Yu, Law Office of
                               Alexander K. Yu, Esq., North
                               Brunswick, NJ.

_____

* Judge John L. Sinatra, Jr., of the United States District Court for the Western District of New York, sitting by designation.

**FOR RESPONDENT:**                    Sunah Lee, Trial Attorney; Cindy S.
                                      Ferrier, Assistant Director, Office
                                      of Immigration Litigation, Civil
                                      Division, United States Department
                                      of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Weiling Shao, a native and citizen of the People's Republic of China, seeks review of a March 6, 2019, decision of the BIA affirming decisions of an Immigration Judge ("IJ") ordering her deportation and denying adjustment of status under 8 U.S.C. § 1255(a), a waiver of inadmissibility under 8 U.S.C. § 1182(i), and protection under the Convention Against Torture ("CAT"). *In re Weiling Shao*, No. A073 658 075 (B.I.A. Mar. 6, 2019), *aff'g* No. A073 658 075 (Immig. Ct. N.Y. City Apr. 12, 2017 and Feb. 17, 1998). We assume the reader's familiarity with the record.

We have reviewed the IJ's decisions as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). As an initial matter, although Shao mentions her CAT claim in her brief, she devotes no argument to the issue, and thus we deem it abandoned.[1] *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

---

[1] Shao also failed to exhaust the merits of her CAT claim before the BIA. She also has not challenged the agency's conclusion that she was barred from asylum and withholding of deportation.

2

Accordingly, we address only the agency's denial of adjustment of status and an inadmissibility waiver. Our review of the denial of discretionary relief, including adjustment of status under 8 U.S.C. § 1255(a) and a waiver of inadmissibility under § 1182(i), is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D).

Adjustment of status is a discretionary form of relief that requires an applicant to demonstrate, among other requirements, that she is admissible. *See* 8 U.S.C. §§ 1229a(c)(4)(A) (burden), 1255(a) (adjustment requirements). In finding Shao inadmissible, the BIA relied on the IJ's determination that Shao made material misrepresentations about her relationship with her U.S. citizen-husband. *See* 8 U.S.C. § 1182(a)(6)(C)(i) ("Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible."). As the BIA pointed out, Shao did not challenge those findings in her brief to the BIA. Because Shao did not exhaust a challenge to the grounds the BIA relied on, those challenges are not properly before us. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 118–22 (2d Cir. 2006) (explaining that issue exhaustion is mandatory); *see also Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007) (finding that to preserve an issue for judicial review, an alien must argue

3

it "with specificity before the BIA"). To the extent Shao challenges the IJ's findings regarding misrepresentations about her asylum claim or manner of entry into the United States, the BIA did not rely on those findings, so they are no longer part of the decision under review. *See Lin Zhong*, 480 F.3d at 122.

Shao raises no other material arguments. She briefly argues that the IJ erred in denying her an application for waiver of inadmissibility under 8 U.S.C. § 1182(i), but she does not actually challenge the grounds for the agency's denial of the waiver. Instead, she claims that she does not need the waiver, and that either her husband's visa petition automatically converted to a widower petition upon his death — an argument she made to the BIA — or that the Court should remand the case so that she can file an I-130 petition herself. In either case, Shao would have to establish that she was admissible to adjust status on that basis. *See* 8 U.S.C. § 1255(a) (an applicant may adjust status if she "is admissible to the United States for permanent residence"). Because Shao is inadmissible, she remains ineligible for adjustment of status.

For the foregoing reasons, the petition for review is DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

4